# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

ARMANDO COLON,

                                    Petitioner,

    v.

                                    9:12-CV-321

SUPERINTENDENT, Wende                     (MAD/ATB)
Correctional Facility,

                                  Respondent.

ARMANDO COLON, Plaintiff, *pro se*
MICHELLE ELAINE MAEROV, AAG, for the Defendants

ANDREW T. BAXTER, U.S. MAGISTRATE JUDGE

## REPORT-RECOMMENDATION

This matter has been referred to me for Report and Recommendation, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c), by the Honorable Mae A. D'Agostino, United States District Judge.

Presently before this court is an amended petition, seeking a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. (Amended Petition ("Am. Pet.")) (Dkt. No. 5). In this amended application, petitioner challenges the finding of guilt after a disciplinary hearing held against him at the Great Meadow Correctional Facility on November 16, 1995. (Am. Pet. ¶ 2). Petitioner claims that he was found guilty of attempted escape, conspiracy to escape, and smuggling. (*Id.* ¶ 4) As a result, he was sentenced to 1,825 days (5 years) in the Special Housing Unit ("SHU") and sixty (60) months loss of good time credits. (*Id.* ¶ 3).

Petitioner states that he filed an administrative appeal which was denied on January 4, 1996. (Am. Pet. ¶ 9). Petitioner filed a proceeding in New York State

Supreme Court, Albany County, pursuant to N.Y. Civ. Prac. L. & R. Art. 78, which was transferred to the Appellate Division, Third Department. On December 4, 1997, the Appellate Division denied the petition. *Colon v. Goord*, 245 A.D.2d 582, 665 N.Y.S.2d 118 (3d Dep't 1997).

Petitioner raises the following grounds in his petition:

1. His employee assistant was ineffective because she failed to interview the requested witnesses or provide important evidence to petitioner. (Am. Pet. at 9).

2. Petitioner was denied his right to due process when the hearing officer failed to ascertain why the petitioner's witness refused to testify and failed to provide petitioner with exculpatory evidence. (Am. Pet. at 9-10).

3. The hearing officer denied petitioner due process when he failed to properly ascertain the credibility of the confidential informant. (Am. Pet. at 10).

Respondent argues that the petition should be dismissed as time-barred. (Dkt. No. 6). Petitioner has filed a traverse. (Dkt. No. 10). This court agrees with respondent and will recommend denial of the petition.

## DISCUSSION

### I. Procedural History

Petitioner originally filed this application for habeas corpus relief on February 24, 2012. (Dkt. No. 1). The petition was dated February 16, 2012 and postmarked February 22, 2012. (Dkt. No. 1 at 5; Dkt. No. 1-2). Petitioner initially brought this action pursuant to 28 U.S.C. § 2241. (*Id.*) On April 26, 2012, the Honorable Mae A. D'Agostino found that the petition should have been brought under 28 U.S.C. § 2254,

2

and as written, did not meet the requirements of Fed. R. Civ. P. 8(a)(2). (Dkt. No. 3 at 2-3). Judge D'Agostino denied petitioner's request for in forma pauperis status, directed petitioner to pay the filing fee, ordered the Clerk of the Court to provide petitioner with a blank section 2254 habeas petition, and ordered petitioner to file an amended petition if he wished the action to proceed. (*Id.* at 3-4).

Petitioner paid the filing fee and filed his amended petition on June 6, 2012, raising the issues listed above with respect to his 1995 disciplinary hearing. (Dkt. No. 5). On June 25, 2012, Judge D'Agostino ordered service of the petition and an answer from the respondent. (Dkt. No. 6). However, in Judge D'Agostino's June 25, 2012 order, she discussed the one-year statute of limitations for habeas corpus applications and noted that for petitioner's action to have been timely commenced, he would "ordinarily have been required to file his habeas corpus petition no later than April 24, 1997 – or one year after the enactment of the AEDPA."[1] (Dkt. No. 6 at 4) (citing *Jones v. Smith*, No. 09 CIV. 8437, 2011 WL 2693536, at *4 (S.D.N.Y. June 30, 2011) (citing *Ross v. Artuz*, 150 F.3d 97, 102-03 (2d Cir. 1998)).

Because petitioner did not sign his original petition until February 16, 2012, Judge D'Agostino found that the petition "may well be barred by the . . . statute of limitations." (Dkt. No. 6 at 4). Judge D'Agostino ordered a limited response to the

---

[1] Based upon the facts before Judge D'Agostino, petitioner's disciplinary hearing and his administrative appeal were final prior to the enactment of the AEDPA, the statute of limitations would not have started to run until April 24, 1996 (the date of enactment) and would have expired one year later on April 24, 1997. Courts afforded individuals a "grace period" within which to file their habeas petitions if the decisions that they were challenging became "final" prior to the statute's enactment. *Ross v. Artuz*, 150 F.3d 100-103.

3

amended pleading, addressed to the timeliness issue, and upon the filing of the response papers, gave the petitioner an opportunity to file a reply memorandum, addressing:

(1) the arguments raised by the respondent in his opposition papers; and

(2) any arguments in support of equitable tolling or in support of a claim of actual innocence.

(*Id.*) On August 9, 2012, respondent filed his answer and memorandum of law addressed to the statute of limitations, and on September 17, 2012, petitioner filed his traverse, arguing that he was "actually innocent" of the disciplinary charges. (Dkt. Nos. 8, 10).

## II. Statute of Limitations

### A. Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions. 28 U.S.C. § 2244(d)(1). The one year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. *Id.* § 2244(d)(1)(A). If a direct appeal is filed, the judgment of conviction becomes final ninety days after the date that the New York Court of Appeals denies leave to appeal. *Williams v. Artuz*, 237 F.3d 147, 150-51 (2d Cir. 2001).

Other dates from which the limitations period may start running are the date on which an unconstitutional, state-created impediment to filing a habeas petition is

removed, the date on which the constitutional right on which petitioner bases his habeas application was initially recognized by the Supreme Court if the right was newly recognized *and* made retroactively applicable, or the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(B), (C), and (D). In *Duncan v. Walker*, 533 U.S. 167, 179 (2001), the Supreme Court stated that this statute of limitations "reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review."

The AEDPA, provides that the one year limitations period will be tolled while a "properly filed" state court post-conviction motion is pending. 28 U.S.C. § 2244(d)(2). The tolling provision only applies if the post-conviction motion was "properly filed" and if it was pending within the one-year limitations period. *Smith v. McGinnis*, 208 F.2d 13, 16 (2d Cir.)(*per curiam*), *cert denied*, 531 U.S. 840 (2000). Simply filing a post-conviction motion does not re-start the limitations period, and it excludes from the limitations period only the time that the motion remained undecided, including the time during which an appeal from the denial of the motion was taken. *See Bennett v. Artuz*, 199 F.3d 116, 120-21 (2d Cir. 1999), *affd*, 531 U.S. 4 (2000).

Although the AEDPA does not provide that the statute of limitations may be tolled for any reasons other than the pendency of a state post-conviction motion, in "rare and exceptional circumstances," the court may equitably toll the limitations period. *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2562 (2010). In order to

warrant equitable tolling, petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted). The Second Circuit has also determined that courts should consider a claim of "actual innocence" as a basis for excusing late filing under the AEDPA. *See Rivas v. Fischer*, 687 F.3d 514, 548 (2d Cir. 2012).

### B. Application

#### 1. Commencement Date

Petitioner is challenging an administrative disciplinary finding. Thus, the triggering date that is based upon the finality of the "conviction" does not apply in this case. *See* 28 U.S.C. § 2244(d)(1)(A). In *Cook v. New York State Div. of Parole*, 321 F.3d 274, 279-80 (2d Cir. 2003), the Second Circuit held that the statute of limitations for an administrative decision begins to run when the factual predicate for the petitioner's claim could "reasonably have been discovered" under 28 U.S.C. § 2244(d)(1)(D). The administrative decision in Cook was the revocation of the petitioner's parole. 321 F.3d at 280. The court stated that the limitations time began to run when the factual predicate (the revocation of parole) could have "reasonably been discovered, i.e., when Cook was notified that the administrative decision to revoke his parole had become final." *Id.*

In *McPherson v. Burge*, No. 9:06-CV-1076, 2009 WL 1293342 (N.D.N.Y. May 5, 2009), District Judge Suddaby, adopted a Report-Recommendation by Magistrate Judge Victor Bianchini, in a case in which the petitioner was challenging the

6

withholding of good time due to disciplinary proceedings. In *McPherson*, respondent withheld six years and eight months of good time, based upon the petitioner's refusal to participate in a drug abuse program while incarcerated. *Id.* at *3. The court relied upon the *Cook* analysis in determining the date that McPherson's statute of limitations began to run. *Id.* at *5 (discussing *Cook*, 321 F.3d at 280). Based on that analysis, Magistrate Judge Bianchini found that the factual predicate of Mr. McPherson's claims was "readily identifiable on the date the administrative decision to revoke his good time credits became final." *Id.*

In this case, petitioner states that the disciplinary decision to withhold 60 months of good time credits was November 16, 1995. (Am. Pet. ¶ 2). He states that the decision was affirmed on administrative appeal on January 4, 1996. (*Id.* ¶ 9(c)). Petitioner states that in his administrative appeal, he raised "ineffective assistance," denial of witnesses; failure to determine the reliability of the confidential informant; and failure to ascertain the reason for a witness's refusal to testify. (*Id.* ¶ 9(d)). It is clear that petitioner was well aware of the bases for the challenges he made to the disciplinary hearing at the time that he filed his administrative appeal. The date that he could have discovered these bases with due diligence was January 4, 1996, the date that the administrative appeal was decided.

Because January 4, 1996 was prior to the enactment of the AEDPA, at the earliest, the statute of limitations would not have begun to run until April 24, 1996, and petitioner would have had until April 24, 1997 within which to file a petition for habeas corpus relief. Petitioner signed his original petition on February 16, 2012,

7

clearly more than one year after the statute began to run. The petition is, therefore, untimely unless it was tolled.

### 2. Tolling

#### a. Statutory

As stated above, the one-year statute of limitations may be tolled during the time in which petitioner has "properly" filed an application for State post-conviction or other collateral review with respect to the pertinent decision. 28 U.S.C. § 2244 (d)(2). In this case, petitioner filed an Article 78 proceeding in the Albany County Supreme Court, which was transferred to the Appellate Division, Third Department. (Am. Pet. ¶ 9(e)). Although it is unclear how long the statute ran prior to petitioner filing the Article 78 proceeding because he does not indicate the date that it was filed, the Appellate Division, Third Department denied the petition on December 4, 1997. *In re Colon*, 245 A.D.2d 582, 665 N.Y.S.2d 118 (3d Dep't 1997). Petitioner does not indicate that any further appeal was taken.

Because this court cannot determine when petitioner filed his Article 78 proceeding, the court will toll the entire time between the decision on his administrative appeal and the Appellate Division decision affirming the administrative determination in the Article 78 proceeding. Even if the entire time is tolled, petitioner would have to have filed his habeas corpus proceeding by December 4, 1998. There is no indication that any other state court application was filed that would provide a statutory toll for this habeas action. The court will now turn to a discussion of equitable tolling.

### b. Equitable

Although the AEDPA does not specifically provide that the statute of limitations may be tolled for any reasons other than the pendency of a state post-conviction motion, in "rare and exceptional circumstances," the court may equitably toll the limitations period. *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004). In order to warrant equitable tolling, petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted). In *Diaz*, the Second Circuit reaffirmed the availability of equitable tolling in the appropriate circumstances. *Id.*

Petitioner in this case cites no "rare and exceptional" circumstances that would justify tolling the statute of limitations for approximately thirteen years. This finding is supported by the fact that on July 30, 1998, petitioner filed a federal court action under 42 U.S.C. § 1983, challenging his administrative segregation at Great Meadow from May 5, 1995 until July 12, 1995, relating to the escape allegations. *See Colon v. Goord*, No. 9:98-CV-1302, 2009 WL 890554 (N.D.N.Y. March 30, 2009). His federal civil rights action also challenged the reliability of the confidential information. *Id.*

On September 25, 2001, the district court, adopted a Magistrate Judge's recommendation and granted a motion to dismiss based upon the three-year statute of limitations applicable to civil rights actions. (Dkt. No. 70 in 9:98-CV-1302). On December 1, 2004, the Second Circuit vacated the District Court's order and

remanded the action for a determination of equitable tolling. (Dkt. No. 74 in 9:98-CV-1302). On remand, Magistrate Judge George Lowe held a hearing and determined that none of the reasons advanced by Mr. Colon were sufficient to grant equitable tolling for the civil rights action. Senior Judge Frederick J. Scullin reviewed Magistrate Lowe's findings, considering Mr. Colon's objections, and adopted the recommendation, dismissing the action pursuant to the statute of limitations. 2009 WL 890554 at *1-5.

Petitioner has been well aware of his claims for many years. He is clearly able to file challenges as demonstrated by his civil rights action. That action was denied in March of 2009, and petitioner has now filed a habeas petition relating to the disciplinary finding. There is absolutely no indication that this court should apply equitable tolling to this case. Because neither statutory nor equitable tolling apply, this petition is barred by the statute of limitations, unless the actual innocence exception applies.

### 3.    **Actual Innocence**

Petitioner argues that he is "actually innocent" of the charges. Judge D'Agostino noted in her decision that actual innocence has been raised to excuse the late filing of a petition for habeas corpus relief. Petitioner has filed his memorandum in support of his claim of "actual innocence." (Dkt. No. 10). In *Rivas*, the Second Circuit stated in the context of a criminal conviction, that an equitable exception to the AEDPA limitations period would be recognized when the petition has made a "credible and compelling showing of his actual innocence . . . ." 687 F.3d at 552.

However, a review of petitioner's memorandum of law shows that he is making the same claims that he made and were rejected at the administrative and Article 78 levels. Petitioner re-argues that the evidence was no sufficient to find him guilty of the challenged misbehavior. (Dkt. No. 10 at 5). Petitioner cites the standard utilized by the courts in New York for evaluating the sufficiency of evidence in disciplinary hearings. However, the constitutional standard is less strict and only requires a disciplinary determination to be supported by "some" or a "modicum" of evidence. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985) (some evidence standard). Petitioner also reasserts his right to an "impartial" hearing officer. (Dkt. No. 10 at 6). However, petitioner does not make any argument that he did not know or that he did not make or could not have made at the time of his disciplinary hearing or on appeal thereof that would indicate that he was "actually innocent" of the charges. Thus, the statute of limitations in this action has long passed, and the petition should be dismissed.

### III.   Availability of Habeas Corpus

Judge D'Agostino limited the response in this action to the statute of limitations. However, the court must note that petitioner may not be entitled to bring a petition for habeas corpus in the first instance. Although the petitioner indicates that he "lost" 60 months of good time credits, petitioner is not entitled to good time credits under section 803(1)(a) of the New York Corrections Law. This section of the New York Corrections Law provides for good time credits for "every inmate . . . except a person serving a sentence with a maximum term of life imprisonment . . . ." N.Y. Correct. Law § 803(a)(1). Thus, the "loss" of sixty months of good time will not

affect the length of Mr. Colon's sentence. Because petitioner cannot challenge the length of his sentence, habeas corpus may not even have been the proper vehicle for a challenge to the disciplinary finding.[2]

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the petition be **DENIED and DISMISSED** as barred by the statute of limitations.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Dated: December 26, 2012

_Andrew T. Baxter_
Hon. Andrew T. Baxter
U.S. Magistrate Judge

---

[2] Because of the clear statute of limitations bar, this court need not make this finding in order to dismiss this petition.