**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**ARMANDO COLON,**

                              **Petitioner,**

    **vs.**                                                 **9:12-CV-321
                                                                (MAD/ATB)**

**SUPERINTENDENT,
WENDE CORRECTIONAL FACILITY,**

                              **Respondent.**

_____

**APPEARANCES:**                             **OF COUNSEL:**

**ARMANDO COLON
82-A-3397**
Sullivan Correctional Facility
Box 116
Fallsburg, New York 12733
Petitioner *pro se*

**OFFICE OF THE NEW YORK**           **MICHELLE ELAINE MAEROV, AAG**
**STATE ATTORNEY GENERAL**
120 Broadway
New York, New York 10271
Attorneys for Respondent

**MAE A. D'AGOSTINO, United States District Judge:**

### ORDER

On February 24, 2012, Petitioner filed a petition seeking a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. *See* Dkt. No. 1. In his amended petition, he challenges the constitutionality of a decision rendered in a prison disciplinary hearing held at the Great Meadow Correctional Facility on November 16, 1995. *See* Dkt. No. 5 at 2.

In 1995, Petitioner was charged with conspiring to escape and smuggling while he was an inmate at Great Meadow Correctional Facility. *See Colon v. Goord*, 245 A.D.2d 582, 582 (3d

Dept. 1997). Following a disciplinary hearing on November 16, 1995, Petitioner was found guilty of both charges. *See* Dkt. No. 20-1 at 4. He was sentenced to 1,825 days in the Special Housing Unit ("SHU") and 60 months loss of good time credits. *See id.* Petitioner filed an administrative appeal, which was denied on January 4, 1996. *See id.* at 9. Petitioner then filed a petition for a Writ of Mandamus in New York State Supreme Court, Albany County, pursuant to Article 78 of the N.Y.C.P.L.R., which was transferred to the Appellate Division, Third Department. *See Colon*, 245 A.D.2d at 582. On December 4, 1997, the Appellate Division denied the petition. *See id.* On July 30, 1998, Petitioner filed a federal civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging damages from the disciplinary action. *See Colon v. Goord*, No. 9:98-CV-1302, 2009 WL 890554 (N.D.N.Y. Mar. 30, 2009). On March 30, 2009, the court dismissed the lawsuit as untimely. *See id.*

In his amended petition before this Court, Petitioner challenged his sentence to confinement in the SHU, as well as the loss of good time credit. *See* Dkt. No. 5 at 10. Petitioner raised the following issues with respect to the 1995 disciplinary proceeding: (1) his employee assistant was ineffective because she failed to interview the requested witnesses and did not provide important evidence to him; (2) he was denied his right to due process when the hearing officer failed to ascertain why Petitioner's witness refused to testify and failed to provide him with exculpatory evidence; and (3) the hearing officer denied him due process when he failed to properly ascertain the credibility of the confidential informant. *See id.* at 9-10.

In a Memorandum-Decision and Order dated April 25, 2013, the Court dismissed the petition. *See* Dkt. No. 21. First, the Court held that, because Petitioner is serving a sentence with a maximum term of life in prison, he is not eligible for good time credit. *See id.* at 7 (citing N.Y. Corr. Law § 803(1)(a)). Therefore, the Court found that "the hearing officer's recommendation of

2

the loss of good time credit, although upheld on appeal, was essentially meaningless." *Id.* (citing *Gomez v. Kaplan*, No. 94 Civ. 3292, 2000 WL 1458804, *12 (S.D.N.Y. Sept. 19, 2000)). Next, the Court held that a habeas proceeding is not the appropriate vehicle for a petitioner to challenge his confinement in the SHU. *See id.* (citing *Gomez*, 2000 WL 1458804, at *12) (other citation omitted). Rather, the Court found that such an action challenges solely the conditions of his confinement, which is actionable, if at all, under 42 U.S.C. § 1983. *See id.* (citations omitted). In the alternative, the Court held that Petitioner's claims are barred by the applicable one-year statute of limitations and that equitable tolling is inapplicable. *See* Dkt. No. 21 at 8-11. Finally, the Court found that Petitioner's claim of actual innocence does not excuse the untimely challenge because Petitioner did not diligently pursue the claim and does not present "new evidence" that was not considered by the hearing officer. *See id.* at 11-14.

On June 15, 2017, more than four years after the Court dismissed this action, Petitioner filed a motion to vacate the judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. *See* Dkt. No. 24. In his motion, Petitioner claims that he has uncovered new proof of his actual innocence of the prison disciplinary offense. *See id.* Further, Plaintiff argues that the Court should equitably toll the limitations period. *See id.* In response, Respondent claims that the motion should be denied because it was not filed within a reasonable time after this Court's entry of judgment. *See* Dkt. No. 25 at 2. Further, Respondent argues that, even if the motion was timely, it must nevertheless be denied for the reasons set forth in the Court's April 25, 2013 Memorandum-Decision and Order. *See id.*

Finally, on October 19, 2017, Petitioner filed a motion seeking an evidentiary hearing. *See* Dkt. No. 29. In his motion, Petitioner argues that the Court must conduct an evidentiary

3

hearing on his actual innocence claim to address exculpatory evidence that was withheld and not considered at the disciplinary hearing. *See id.* at 5-6.

Having reviewed the parties' submissions and the applicable law, the Court finds that Petitioner's motions must be denied. First, the Court finds that Petitioner's Rule 60(b)(6) motion is untimely. Petitioner claims that he lacked sufficient resources to have brought the motion sooner. However, all of the information discussed in his motion and attached affidavits were included in his initial petition. Further, his incarceration, standing alone, does not excuse his delay in filing this motion. *See Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001) (holding that the petitioner's twenty-six month delay in filing his Rule 60(b) motion rendered the motion untimely because "bare assertions that the conditions of his confinement prevented him from filing his motion earlier are insufficient to excuse the delay"); *Carbone v. Cunningham*, 857 F. Supp. 2d 486, 488 (S.D.N.Y. 2012) (holding that the motion was untimely when filed more than four years after the denial of habeas petition with no explanation for the delay); *Pabon v. Maciol*, 374 Fed. Appx. 178, 180 (2d Cir. 2010) (holding motion untimely where the petitioner "has not provided any reason why he did not file his Rule 60(b) motion until almost nine months after this Court denied his petition for rehearing of the order affirming the district court's judgment, and almost four years after the district court entered its judgment").

Second, even if the motion was timely, it must still be denied. Petitioner was convicted of two counts of Murder in the Second Degree, one count of Kidnapping in the Second Degree, and one count of Robbery in the First Degree and was sentenced to a term of imprisonment of twenty-five years to life. Because Petitioner is serving a sentence with a maximum term of life in prison, he is not eligible to earn good time credits. *See* N.Y. Corr. Law § 803(1)(a). As such, the loss of good time credits does not affect the length of his confinement. *See Tafari v. Rock*, No. 10-cv-

4

729, 2012 WL 1340799, *1 (W.D.N.Y. Apr. 18, 2012); *Parra v. Fischer*, No. 11-cv-6518, 2012 WL 3069952, *2-*3 (W.D.N.Y. July 27, 2012). Nothing in the record suggests that Petitioner may at some later date become eligible for good time credit such that the length of his sentence could be affected by the hearing officer's recommended loss of the credit. Since the length of his sentence is wholly unaffected by the imposed discipline, habeas relief is unavailable.

As to the imposition of SHU confinement, some case law suggests that an inmate's restrictive confinement pursuant to a disciplinary penalty may satisfy the "in custody" requirement of section 2254, such that a 2254 challenge to the restrictive confinement is permissible, so long as the petitioner is serving the restrictive confinement at the time the petition is filed. *See Dawes v. Racette*, No. 9:12-cv-718, 2014 WL 6674712, *2 (N.D.N.Y. Nov. 25, 2014) (citing cases). If, however, the challenged disciplinary penalty has already been served at the time the petition is filed, *habeas corpus* review is not available because the petitioner is not "in custody" pursuant to the disciplinary determination. *See id.*; *see also Stallone v. Fischer*, No. 10-cv-615, 2011 WL 5040669, *6 (W.D.N.Y. Oct. 21, 2011) (citations omitted). Since Petitioner had been released from SHU years before commencing the present action, his claim relates only to the conditions of his confinement, which is not cognizable on *habeas corpus* review.

Finally, having found that the petition fails on the merits, the Court denies as moot Petitioner's motion for an evidentiary hearing pertaining to his actual innocence claim.

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Petitioner's motions to set aside judgment (Dkt. No. 24) and for an evidentiary hearing (Dkt. No. 29) are **DENIED;** and the Court further

**ORDERS** that no Certificate of Appealability shall be issued with respect to any of Petitioner's claims since Petitioner failed to make "a substantial showing of the denial of a constitutional right;" and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 26, 2017
       Albany, New York

Mae A. D'Agostino
U.S. District Judge